## JEHU EVANS v. JOHN SMITH.

High Court of Errors and Appeals. August, 1800.

*Wilson's Red Book, 288.*

*Ridgely,* for appellant, offered a bond and other exhibits which were not read in evidence before the Commissioners.

*Wilson,* for appellee, objected and said he did not wish to press his objection, if the court deemed the practice settled. He acknowledged that new proof had been frequently gone into, but

always by consent as far [as] he knew. In the case of *Scotten v. Wright,* Chief Justice Read observed that the consent in that case was not necessary, which was not a determination by this court. The authorities from England are evidently contradictory on this point. The House of Lords are said by 3 Bl.Comm. 455, Gilb. Ch. 155 on an appeal not to admit of new evidence, but 1 Brown P.C. 590 is *contra.* On appeal to the Admiral of England, only the first evidence is allowed of, 1 Com.Dig. 399, [title], "Admiralty" C, Salk. 555. So on a bill of review the same evidence only is received, 2 Harr.Ch.Pr. 108, 3 Ch.R. 76. But if new evidence arises between the decree and appeal, it shall be received, 6 Mod. 287. The rule, however, is thought to be settled otherwise by Prec.Ch. 496, 2 Harr.Ch.Pr. 82, and 2 Atk. 408.

Perhaps the Constitution of 1792, Art. VII, s. 2, which directs this court to pass such decree etc. as the inferior court should have rendered or passed, furnishes an argument against the admission of new evidence; for, in that event, the decree of each court may be right upon their respective evidence. If new evidence is to be admitted, the principle is drawn from the spiritual courts, where their practice has always been such, and not from the common law; for even on a writ of error nothing can be assigned that might have been pleaded to the original action. The authorities are clearly adverse to each other, yet upon principle it seems improper to admit new evidence. *Interest respublicae ut sit finis litium,* but this practice will encourage litigation, for it enables a party to go in quest of particular evidence, and will operate like the benefits of a new trial. If this is the rule, costs with this court ought to be discretionary, for otherwise an appellee may be made to pay the costs of a decree below, which might have been rightly given in his favor.

*Vandyke* observed that last term, in the absence of most of the bar, this point had been contested between Read and himself, and the court determined against him, and that the case was held to be open for new proof.

PER CURIAM. (*Absente* JOHNS, C. J., of Supreme Court.) We are of opinion that the weight of authorities is for the admission of new proof, and recollect it was so settled last term.

THE CHANCELLOR further observed that this was not his own opinion.

*Bayard,* for the appellant, offered in evidence depositions taken under a rule of this court for depositions generally on four days notice. As proof of the notice, he also offered a deposition taken

by the same justice fourteen days after the former, which proved notice to have been left at appellee's house five days before taking the former depositions.

*Wilson.* The deposition which proves the notice is not evidence, for the rule does not extend to the taking the proof of notice, but the depositions of facts supposed to be material in the trial. This deposition was taken fourteen days after the rest, and was clearly without notice; yet appellee was entitled to his cross-examination of this witness. The proof of notice is always supposed to be evidence to the court (who must be satisfied of its sufficiency) as to the admissibility of depositions, and if it could be made before the commission, yet the nature of the case would require proof of other notices. Otherwise, a deposition must be read and believed in order to establish itself, which is begging the question, and at best a sophistical kind of proof. This is not the practice, and it cannot be established by authority, for notice is not given on examinations in England.

PER CURIAM. CHANCELLOR KILLEN. The depositions are not allowed in evidence because of the defect of proof of notice. The depositions were taken the sixth of July, and the proof of notice was not made until fourteen days after the examination, though the notice, if proved, was good.

Appellee had proved possession by one Hinds. Appellant's counsel offered an indictment (for a forcible entry by Hinds on N. Poore's possession of this ground) returned *billa vera,* upon which process had been returned *non est* [*inventus*]*,* and Hinds is proved dead.

*Bayard.* It is evidence to rebut the evidence as to Hinds' possession and to show it was tortious.

*Wilson* objected that appellee was not party to it, and an indictment is not evidence in a civil suit. If Hinds' possession was tortious, it should be proved by testimony. This indictment might have been the effect of appellant's oath, and there is no conviction on it.

PER CURIAM. It may be read to rebut Hinds' possession.